[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 20-10675
Non-Argument Calendar
_____

Agency No. A200-293-549

TERESA ANDRES-MENDEZ,
a.k.a. Anita Pascual-Jose,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

(October 1, 2020)

Before JORDAN, NEWSOM and BLACK, Circuit Judges.

PER CURIAM:

Teresa Andres-Mendez petitions for review of an order of the Board of Immigration Appeals (BIA) affirming the Immigration Judge's (IJ) denial of her applications for asylum, withholding of removal, and relief under the United Nations Convention Against Torture (CAT). Andres argues the IJ erred in: (1) discounting the affidavit of her expert; (2) finding her particular social group was not cognizable; (3) finding there was no nexus between the persecution she suffered and her membership in the group; and (4) finding she would not be subject to torture at the acquiescence of the Guatemalan government. The Government responds we lack jurisdiction because Andres failed to exhaust certain claims before the BIA. After review,[1] we dismiss the petition.

## I. DISCUSSION

We have jurisdiction to review a final order of removal only when a petitioner has exhausted all administrative remedies available to her as of right. *See* 8 U.S.C. § 1252(d)(1). "A petitioner fails to exhaust her administrative remedies with respect to a particular claim when she does not raise that claim before the BIA." *Indrawati v. U.S. Att'y Gen.*, 779 F.3d 1284, 1297 (11th Cir.

---

[1] We review the issue of our subject matter jurisdiction de novo. *Indrawati v. U.S. Att'y Gen.*, 779 F.3d 1284, 1297 (11th Cir. 2015). Where, as here, the BIA adopts the IJ's reasoning, "we review the decisions of both the BIA and the IJ to the extent of the agreement." *Gonzalez v. U.S. Att'y Gen.*, 820 F.3d 399, 403 (11th Cir. 2016).

2015). To exhaust a claim before the BIA, a petitioner must both raise the core issue now on appeal and "set out any discrete arguments he relies on in support of that claim." *Jeune v. U.S. Att'y Gen.*, 810 F.3d 792, 800 (11th Cir. 2016). The petitioner's argument need not be well developed, but it must "provide information sufficient to enable the BIA to review and correct any errors below." *Indrawati*, 779 F.3d at 1297.

## A. Expert's Affidavit

Andres first argues the IJ erred in discounting her expert's affidavit, which amounted to a violation of her due process rights. The Government asserts we lack jurisdiction to review this claim because it was not raised before the BIA. The IJ admitted the expert's written testimony as it pertained to "country condition expertise and impact of country conditions on indigenous and Mayan women in Guatemala," but disregarded "any inappropriate conclusions of fact or law." In her appeal to the BIA, Andres raised a due process argument concerning other testimony, asserted the IJ's passing reference to her failure to sufficiently corroborate her asylum claim was insufficient, and stated the IJ made no mention of the documentary evidence she submitted regarding the conditions faced by women in Guatemala. She did not, however, argue the IJ failed to properly consider her expert's affidavit or explain which portions of the expert's testimony would not be credited. Because Andres did not raise this claim before the BIA, we

3

lack jurisdiction to review it.  *See Jeune*, 810 F.3d 800; *see also Bing Quan Lin v. U.S. Att'y Gen.*, 881 F.3d 860, 868 (11th Cir. 2018) (requiring procedural due process claims that can be remedied by the immigration courts to be exhausted).

## B.  Asylum

With respect to her asylum claim, Andres challenges the IJ's determination her particular social group was not cognizable and that there was no nexus between the persecution she suffered and her membership in the group.  The Government contends Andres failed to exhaust challenges to two dispositive determinations requiring the denial of asylum—the IJ's determination the proposed group's definition was impermissibly circular and the IJ's determination Andres had not established a nexus between her persecution and group membership.

An asylum applicant must meet the definition of a refugee under the Immigration and Nationality Act (INA).  8 U.S.C. § 1158(b)(1).  The INA defines a refugee as "any person who is outside any country of such person's nationality . . . and who is unable or unwilling to return to, and is unable or unwilling to avail himself or herself of the protection of, that country because of persecution or a well-founded fear of persecution" on account of a protected ground, including "membership in a particular social group."  *Id.* § 1101(a)(42)(A).  An applicant seeking asylum based on membership in a particular social group must show such membership "was or will be at least one central reason" for her persecution.  *See*

4

*id.* § 1158(b)(1)(B)(i).  To be cognizable, a particular social group must: (1) consist of members who share a "common characteristic other than their risk of being persecuted" that is immutable or fundamental to their conscience or identity; (2) have "sufficient social distinction" from the rest of society; and (3) be "defined with particularity."  *Amezcua-Preciado v. U.S. Att'y Gen.*, 943 F.3d 1337, 1342-43 (11th Cir. 2019) (quotation marks omitted).

The IJ found Andres's proposed social group—"[w]omen who are culturally married and victims of domestic violence by spouse and cannot leave"—was not cognizable because it did not meet any of the requisite criteria.  The IJ relied on, and distinguished Andres's case from, *Matter of A-R-C-G-*, in which the BIA held a domestic violence victim was a member of a particular social group comprised of "married women in Guatemala who are unable to leave their relationship."  26 I. & N. Dec. 388, 388-89 (BIA 2014), *overruled by Matter of A-B-*, 27 I. & N. Dec. 316 (BIA 2018).  Specifically, the IJ concluded Andres's group was not defined with sufficient particularity because it was "impermissibly circular by the fact that its members have been subjected to harm."

On appeal to the BIA, Andres did not challenge the IJ's conclusion her proposed social group was circularly defined, or any of its determinations regarding immutability, particularity, or social distinction.  Rather, Andres argued *Matter of A-R-C-G-* had been overruled by *Matter of A-B-* since the issuance of the

5

IJ's decision, and *Matter of A-B-* impacted the particular social group analysis and acknowledged the relevance of a foreign government's inability or unwillingness to protect an applicant from persecution. Andres does not make these arguments in her petition for review, however. Instead, she contends *Matter of A-R-C-G-* governs the particular social group analysis, and marital status—which may be based on cultural rather than formally recorded marriage—can be an immutable characteristic where an individual is unable to leave a relationship. She further asserts her proposed social group is defined with sufficient particularity and is socially distinct.

While Andres challenged the IJ's particular social group determination before the BIA, she failed to raise any discrete arguments concerning immutability, particularity, and social distinction similar to those she raises now. She has therefore failed to exhaust her particular social group claim. *See Jeune*, 810 F.3d at 800-01 (concluding petitioner failed to exhaust past persecution claim where he did not raise before the BIA the discrete arguments raised in his petition for review and "gave the BIA no indication of the specific issues . . . it should have examined"). Further, Andres failed to challenge the IJ's finding her particular social group was circularly defined in terms of harm, which is dispositive of her asylum claim. *See Castillo-Arias v. U.S. Att'y Gen.*, 446 F.3d 1190, 1198 (11th Cir. 2006) (providing "risk of persecution alone does not create a particular social

6

group within the meaning of the INA"); *Matter of W-G-R-*, 26 I. & N. Dec. 208, 215 (BIA 2014) ("Circuit courts have long recognized that a social group must have 'defined boundaries' or a 'limiting characteristic,' other than the risk of being persecuted, in order to be recognized.").[2]

## C.  CAT Relief and Withholding of Removal

Andres last argues the IJ erred in finding she would not be subject to torture at the acquiescence of the Guatemalan government and concluding she was ineligible for CAT relief.  The Government asserts Andres failed to exhaust her claims for CAT relief and withholding of removal because she did not raise them in her brief before the BIA, which addressed only her asylum claim.  We agree. Although Andres mentioned in her notice of appeal to the BIA she was challenging the IJ's denial of CAT relief and withholding of removal, these unadorned and conclusory statements were insufficient to exhaust these claims, and we therefore lack jurisdiction to review them.  *See Indrawati*, 779 F.3d at 1297 ("Unadorned, conclusory statements do not satisfy [the exhaustion] requirement.").

---

[2] We need not reach Andres's nexus argument because she has not raised any challenge to the particular social group determination that we have jurisdiction to review.  *See INS v. Bagamasbad*, 429 U.S. 24, 25 (1976) (providing courts "are not required to make findings on issues the decision of which is unnecessary to the results they reach").

## II.  CONCLUSION

Because Andres failed to exhaust before the BIA the issue concerning her expert, her arguments concerning why her particular social group was cognizable, and her claims for CAT relief and withholding of removal, we lack jurisdiction over this petition for review.  Accordingly, the petition is dismissed.

**PETITION DISMISSED.**